# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **SEPTEMBER 2022** |
| E-Filing Number: 2209038442    **001928** |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| BHUPINDER SINGH | NESTLE PURINA PETCARE COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 6512 AVERELL DRIVE<br>DAYTON OH 45424 | 600 N. 2ND STREET SUITE 401<br>HARRISBURG  PA 17101 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CHARANJEET KAUR | NESTLE USA, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 6512 AVERELL DRIVE<br>DAYTON OH 45424 | 600 N. 2ND STREET SUITE 401<br>HARRISBURG PA 17101 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 2 | [X] Complaint    [ ] Petition Action    [ ] Notice of Appeal<br>[ ] Writ of Summons    [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2S - PREMISES LIABILITY; SLIP/FALL |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED**<br>**PRO PROTHY**<br>SEP **21** 2022<br>**A. STAMATO** | YES          NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: BHUPINDER SINGH , CHARANJEET KAUR

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| RYAN F. MICHALESKI | OSTROFF INJURY LAW<br>518 E. TOWNSHIP LINE ROAD<br>SUITE 100<br>BLUE BELL PA 19422 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (610)279-7000 | (484)351-0355 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 203923 | rmichaleski@ostrofflaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| RYAN MICHALESKI | Wednesday, September 21, 2022, 12:57 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

OSTROFF LAW, PC
By:  Ryan F. Michaleski, Esquire
Attorney ID No.: 203923
518 E. Township Lane, Suite 100
Blue Bell, PA 19422
(610)279-7000



Filed and Attested by the
Office of Judicial Records
21 SEP 2022 10:57 pm
S. RAMATO

Attorney for Plaintiffs

---

| | | |
|---|---|---|
| BHUPINDER SINGH and<br>CHARANJEET KAUR, (h/w)<br>6512 Averell Drive<br>Dayton, OH 45424,<br><br>                Plaintiff<br><br>    vs.<br><br>NESTLE PURINA PETCARE COMPANY<br>c/o CT Corporation System<br>600 N 2nd Street, Suite 401<br>Harrisburg, PA 17101<br><br><br>    and<br><br>NESTLE USA, INC.<br>c/o CT Corporation System<br>600 N 2nd Street, Suite 401<br>Harrisburg, PA 17101<br><br><br>    and<br><br>ABC CORPORATIONS 1-100<br>(Factitious Entities)<br><br>and<br><br>JOHN DOE 1-100<br>(Fictitious Names),<br>                Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS OF<br>PHILADELPHIA COUNTY,<br>PENNSYLVANIA<br><br><br>CIVIL ACTION - LAW<br><br>No.. |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333 TTY (215) 451-6197
AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

OSTROFF LAW, PC
By:  Ryan F. Michaleski, Esquire
Attorney ID No.: 203923
518 E. Township Lane, Suite 100
Blue Bell, PA 19422                                     Attorney for Plaintiffs
(610)279-7000

---

| BHUPINDER SINGH and | : | COURT OF COMMON PLEAS OF |
| CHARANJEET KAUR, (h/w) | : | PHILADELPHIA COUNTY, |
| 6512 Averell Drive | : | PENNSYLVANIA |
| Dayton, OH 45424, | : | |
| Plaintiff | : | |
| vs. | : | CIVIL ACTION - LAW |
| | : | |
| NESTLE PURINA PETCARE COMPANY | : | No. |
| c/o CT Corporation System | : | |
| 600 N 2nd Street, Suite 401 | : | |
| Harrisburg, PA 17101 | : | |
| | : | |
| and | : | |
| | : | |
| NESTLE USA, INC. | : | |
| c/o CT Corporation System | : | |
| 600 N 2nd Street, Suite 401 | : | |
| Harrisburg, PA 17101 | : | |
| | : | |
| and | : | |
| | : | |
| ABC CORPORATIONS 1-100 | : | |
| (Factitious Entities) | : | |
| | : | |
| and | : | |
| | : | |
| JOHN DOE 1-100 | : | |
| (Fictitious Names), | : | |
| Defendants. | : | |

**Civil Action Complaint**

    1.    Plaintiff, Bhupinder Singh, (hereinafter referred to as "Plaintiff") is an adult individual who resides at the above referenced address.

    2.    Plaintiff, Charanjeet Kaur, (hereinafter referred to as "Plaintiff Wife"), is an adult individual who resides at the above referenced address.

3.      At all relevant times, Plaintiff, Bhupinder Singh and Plaintiff, Charanjeet Kaur, (hereinafter collectively referred to as "Plaintiffs") were and continue to be legally married.

4.      Defendant, Nestle Purina Petcare Company (hereinafter referred to as "Defendant Purina") is a foreign corporation with a registered agent at the above referenced address located in Dauphin County, Pennsylvania.

5.      Upon information and belief, at all times material hereto, Defendant Purina regularly, continuously, and systematically has conducted a substantial and regular course of business, and has a physical presence in Philadelphia County, Pennsylvania.

6.      Defendant, Nestle USA, Inc.(hereinafter referred to as "Defendant Nestle," and collectively with Defendant Purina, as "Property Defendants") is foreign corporation with a registered office at the above referenced address located in Dauphin County, Pennsylvania.

7.      Upon information and belief, at all times material hereto, Defendant Nestle regularly, continuously, and systematically has conducted a substantial and regular course of business, and has a physical presence in Philadelphia County, Pennsylvania.

8.      Defendant, ABC Corporations 1-100 (Fictitious Entities)(hereinafter referred to as "Defendant ABC") are unknown business defendants, designated as corporations, partnerships, fictitious names, and/or business entities duly organized, existing, authorized, and/or incorporated under the laws of the Commonwealth of Pennsylvania.

9.      Upon information and belief, at all times material hereto, Defendant ABC regularly, continuously, and systematically has conducted a substantial and regular course of business, and has a physical presence in Philadelphia County, Pennsylvania.

10.     Defendants, John Doe 1-100 (Fictitious Names) (hereinafter referred to as "Doe Defendants," and collectively with Defendant ABC as Contractor Defendants, and collectively

with Property Defendants and Defendant ABC as "Defendants") are unknown individual defendants, who at all times relevant hereto, regularly conducted business in Philadelphia County, Pennsylvania.

11.     Upon information and belief, at all relevant times, Defendant Nestle was the registered owner of 2050 Pond Road, Allentown, Philadelphia County, Pennsylvania.

12.     Upon information and belief, at all times material hereto, Property Defendants, individually, jointly, and/or severally, directly and/or by and through their agents, ostensible agents, employees and/or servants, owned, possessed, managed, constructed, designed, maintained and controlled a facility located at 2050 Pond Road, Allentown, Philadelphia County, Pennsylvania, including, but not limited to, its parking lots, driveways, sidewalks, walkways, pathways, grounds, communal entrance ways/walkways, exits and loading docks (hereinafter referred to as the "Premises").

13.     Upon information and belief, at all times relevant hereto, Property Defendants, directly and/or by and through their agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of such relationships, individually, jointly, and/or severally hired and/or contracted with Contractor Defendants to manage and/or maintain the Premises and specifically to perform snow and ice removal and treatment upon the Premises including but not limited to the its parking lots, driveways, staging areas, loading docks, sidewalks, walkways, pathways, grounds, communal entrance ways/walkways, and exits.

14.     Upon information and belief, at all times relevant hereto, Defendants, individually, jointly, and/or severally, acted and/or failed to act directly and/or by and through their duly authorized agents, ostensible agents, workmen, employees, servants and/or borrowed servants, all

in the course and scope of such relationship, in the possession, management, modification, design, maintenance, and/or control of the Premises including snow and ice removal on its parking lots, driveways, staging areas, loading docks, sidewalks, walkways, pathways, grounds, communal entrance ways/walkways, and exits.

15.     On or about February 12, 2021, at approximately 8:30 a.m., Plaintiff, with a purpose related to Defendants' business, drove onto the Premises in a tractor trailer (hereinafter referred to as "Plaintiff's tractor trailer") to pick up a load from Defendants' facility to transport in Plaintiff's vehicle.

16.     Upon entry onto the Premises, Plaintiff parked in a space intended for tractor trailer parking in Defendants' staging area.

17.     At the aforesaid time and location, after Plaintiff parked his tractor trailer, Plaintiff exited Plaintiff's tractor trailer with all due care and caution, when he suddenly slipped on a layer of black ice and fell forcefully to the ground, sustaining personal injuries as described hereinafter.

18.     At all times material hereto, Plaintiff was a business invitee on the Premises and was owed the highest duty of care by the Defendants.

19.     The section of the staging area upon which Plaintiff slipped had a layer of artificially created black ice that was not visible, discernible, and/or avoidable as business invitees, such as Plaintiff, walked to and from their parked vehicles.

20.     The specific area of the parking lot on which Plaintiff slipped and fell, upon information and belief, was permitted to thaw and refreeze, thereby creating an artificially created slick, untreated and icy surface on the Premises at the time of Plaintiff's fall.

21.     At the time of Plaintiff's fall and for a long and excessive time prior thereto, Defendants, individually, jointly, and severally, directly and/or by and through their respective

agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of their relationships with Defendants negligently and carelessly possessed, managed, modified, controlled and/or maintained the Premises so as to allow a layer of snow and ice to form and/or remain on the ground in a common area meant for use by business invitees in the position of Plaintiff.

22.     At the time of Plaintiff's fall and for a long and excessive time prior thereto, Defendants, individually, jointly, and severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of their relationships with Defendants negligently and carelessly possessed, managed, modified, controlled and/or maintained the Premises so as to allow the snow and ice to freeze, thaw and refreeze, remain untreated, and/or remain on the ground in a common area meant for use by business invitees in the position of Plaintiff.

23.     At the aforesaid time and place, the layer of black ice constituted unreasonably dangerous conditions of the Premises, caused by Defendants' individual, joint and/or several negligence and carelessness.

24.     The dangerous snow and untreated ice conditions in the parking lot constituted a reasonably foreseeable risk of harm for business invitees such as Plaintiff.

25.     The Defendants, individually, jointly and/or severally, had actual and/or constructive notice of the existence of the dangerous conditions for a sufficient time prior to Plaintiff's fall to have taken measures to correct them and/or to properly warn business invitees such as Plaintiff of the conditions.

26.     At no time relevant to Plaintiff's fall was there any warning or notice to business invitees such as Plaintiff of the existence of the hazardous condition created by the accumulation of ice.

27.     Defendants' individual, joint and/or several negligence and carelessness, and the resulting dangerous conditions of the Premises were the direct and proximate cause of Plaintiff's fall and resulting injuries.

28.     At all times material hereto, Plaintiff was exercising due care and caution for his safety and in no way contributed to his fall or his resulting injuries.

29.     As a direct and proximate result of the individual, joint and several negligence and carelessness of Defendants, the resulting dangerous condition, and Plaintiff's subsequent fall, Plaintiff suffered and/or may continue to suffer physical injuries, severe pain, anxiety, depression, emotional distress, embarrassment, loss of life's pleasures and enjoyment of life.

30.     As a direct and proximate result of the individual, joint and several negligence and carelessness of Defendants, the resulting dangerous condition, Plaintiff's subsequent fall and his injuries, Plaintiff has undergone and/or may in the future undergo reasonable and necessary medical treatments.

31.     As a direct and proximate result of the individual, joint and several negligence and carelessness of Defendants, the resulting dangerous condition, Plaintiff's subsequent fall and his injuries, Plaintiff has incurred and/or may in the future incur medical expenses for the care and treatment of his injuries.

32.     As a direct and proximate result of the individual, joint and several negligence and carelessness of Defendants, the resulting dangerous condition, Plaintiff's subsequent fall and his

injuries, Plaintiff has been and/or may in the future be hindered and/or prevented from attending to and/or fully performing his usual and customary duties, avocations and/or hobbies.

33.     As direct and proximate result of the individual, joint and several negligence and carelessness of Defendants, the resulting dangerous condition, Plaintiff's subsequent fall and his injuries, Plaintiff has been and/or in the future may be prevented from being gainfully employed, resulting in a loss of earning and/or an impairment of his earning capacity.

34.     As a direct and proximate result of the individual, joint and several negligence and carelessness of Defendants, the resulting dangerous condition, Plaintiff's subsequent fall and his injuries, Plaintiff has been and/or may in the future be required to spend money for household help.

### COUNT I-NEGLIGENCE
### Bhupinder Singh
### v.
### Nestle Purina Petcare Company

35.     Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

36.     The individual, joint and/or several negligence and carelessness of Defendant Purina, directly and/or by and through its duly authorized agents, ostensible agents, workmen, employees, servants and/or borrowed servants, all in the course and scope of such relationship, consisted of the following:

   a.   creating a hazardous condition, about which it knew and/or should have known;

   b.   permitting the hazardous condition to exist on the Premises for an excessive period of time;

   c.   failing to regularly and/or properly inspect the Premises for such hazardous condition;

   d.   failing to warn business invitees such as Plaintiff of the hazardous condition;

   e.   failing to provide adequate lighting to illuminate the dangerous condition;

f.  failing to take reasonable measures under the circumstances to protect business invitees such as Plaintiff from a foreseeable risk of injury;

g.  creating and/or permitting a dangerous accumulation of snow and/or untreated ice in an area intended for use by business invites as Plaintiff;

h.  creating and/or permitting an accumulation of water, rain, and/or melted snow and ice to pond on an area intended for use by business invites as Plaintiff;

i.  permitting water and/or melting snow and/or ice to accumulate and refreeze in an area intended for use by invitees such as Plaintiff;

j.  failing to properly treat the Premises for snow and/or ice and adequately clear the area of snow and/or ice;

k.  violating Property Maintenance Code 302.4.1 Storm Drainage, prohibiting the drainage of roofs, paved areas, yards, courts, and other open areas in a manner that creates a health or safety hazard;

l.  violating Property Maintenance Code 302.5 Site Hazard, proscribing all walkways, stairs, driveways, parking spaces and similar areas be maintained free from hazardous condition;

m.  violating the Standard Practice for Safe Walking Surfaces 5.1.3, requiring walkway surfaces be slip resistant under expected environmental conditions and use;

n.  violating the Standard Practice for Safe Walking Surfaces 5.7.1, requiring exterior walkways be maintained so as to provide safe walking conditions;

o.  hiring and/or contracting agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors to possess, manage, modify, design, maintain, control, renovate, construct, clear hazardous condition upon the Premises who were not qualified to do so in a safe and adequate manner; and

p.  placing Defendants' pecuniary interests above the safety and wellbeing of business invitees such as Plaintiff.

WHEREFORE, Plaintiff demands judgment in his favor and individually, jointly, severally and specifically against Defendant Nestle Purina Petcare Company, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with such further relief as this Court may deem appropriate.

## COUNT II-NEGLIGENCE
### Bhupinder Singh
### v.
### Nestle USA, Inc.

37.     Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

38.     The individual, joint and/or several negligence and carelessness of Defendant Nestle, directly and/or by and through its duly authorized agents, ostensible agents, workmen, employees, servants and/or borrowed servants, all in the course and scope of such relationship, consisted of the following:

a.   creating a hazardous condition, about which it knew and/or should have known;

b.   permitting the hazardous condition to exist on the Premises for an excessive period of time;

c.   failing to regularly and/or properly inspect the Premises for such hazardous condition;

d.   failing to warn business invitees such as Plaintiff of the hazardous condition;

e.   failing to provide adequate lighting to illuminate the dangerous condition;

f.   failing to take reasonable measures under the circumstances to protect business invitees such as Plaintiff from a foreseeable risk of injury;

g.   creating and/or permitting a dangerous accumulation of snow and/or untreated ice in an area intended for use by business invites as Plaintiff;

h.   creating and/or permitting an accumulation of water, rain, and/or melted snow and ice to pond on an area intended for use by business invites as Plaintiff;

i.   permitting water and/or melting snow and/or ice to accumulate and refreeze in an area intended for use by invitees such as Plaintiff;

j.   failing to properly treat the Premises for snow and/or ice and adequately clear the area of snow and/or ice;

k.   violating Property Maintenance Code 302.4.1 Storm Drainage, prohibiting the drainage of roofs, paved areas, yards, courts, and other open areas in a manner that creates a health or safety hazard; .

l.  violating Property Maintenance Code 302.5 Site Hazard, proscribing all walkways, stairs, driveways, parking spaces and similar areas be maintained free from hazardous condition;

m.  violating the Standard Practice for Safe Walking Surfaces 5.1.3, requiring walkway surfaces be slip resistant under expected environmental conditions and use;

n.  violating the Standard Practice for Safe Walking Surfaces 5.7.1, requiring exterior walkways be maintained so as to provide safe walking conditions;

o.  hiring and/or contracting agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors to possess, manage, modify, design, maintain, control, renovate, construct, clear hazardous condition upon the Premises who were not qualified to do so in a safe and adequate manner; and

p.  placing Defendants' pecuniary interests above the safety and wellbeing of business invitees such as Plaintiff.

WHEREFORE, Plaintiff demands judgment in his favor and individually, jointly, severally and specifically against Nestle USA, Inc. in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with such further relief as this Court may deem appropriate.

## COUNT III-NEGLIGENCE
### Bhupinder Singh
#### v.
### ABC Corporations 1-100 (Factitious Entities)

39.    Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

40.    The individual, joint and/or several negligence and carelessness of Defendant ABC, directly and/or by and through its duly authorized agents, ostensible agents, workmen, employees, servants and/or borrowed servants, all in the course and scope of such relationship,  consisted of the following:

a.  creating a hazardous condition, about which it knew and/or should have known;

b.  permitting the hazardous condition to exist on the Premises for an excessive period of time;

c. failing to regularly and/or properly inspect the Premises for such hazardous condition;

d. failing to warn business invitees such as Plaintiff of the hazardous condition;

e. failing to provide adequate lighting to illuminate the dangerous condition;

f. failing to take reasonable measures under the circumstances to protect business invitees such as Plaintiff from a foreseeable risk of injury;

g. creating and/or permitting a dangerous accumulation of snow and/or untreated ice in an area intended for use by business invites as Plaintiff;

h. creating and/or permitting an accumulation of water, rain, and/or melted snow and ice to pond on an area intended for use by business invites as Plaintiff;

i. permitting water and/or melting snow and/or ice to accumulate and refreeze in an area intended for use by invitees such as Plaintiff;

j. failing to properly treat the Premises for snow and/or ice and adequately clear the area of snow and/or ice;

k. violating Property Maintenance Code 302.4.1 Storm Drainage, prohibiting the drainage of roofs, paved areas, yards, courts, and other open areas in a manner that creates a health or safety hazard;

l. violating Property Maintenance Code 302.5 Site Hazard, proscribing all walkways, stairs, driveways, parking spaces and similar areas be maintained free from hazardous condition;

m. violating the Standard Practice for Safe Walking Surfaces 5.1.3, requiring walkway surfaces be slip resistant under expected environmental conditions and use;

n. violating the Standard Practice for Safe Walking Surfaces 5.7.1, requiring exterior walkways be maintained so as to provide safe walking conditions;

o. hiring and/or contracting agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors to possess, manage, modify, design, maintain, control, renovate, construct, clear hazardous condition upon the Premises who were not qualified to do so in a safe and adequate manner; and

p. placing Defendants' pecuniary interests above the safety and wellbeing of business invitees such as Plaintiff.

WHEREFORE, Plaintiff demands judgment in his favor and individually, jointly and/or severally and specifically against Defendant, ABC Corporations 1-100 (Fictitious Entities), in an

Case ID: 220901928

amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs, delay damages and such further relief as this Court may deem appropriate.

## COUNT IV-NEGLIGENCE
### Bhupinder Singh
### v.
### John Doe 1-100 (Fictitious Names)

41.    Plaintiff incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

42.    The individual, joint and/or several negligence and carelessness of Defendant Doe, directly and/or by and through its duly authorized agents, ostensible agents, workmen, employees, servants and/or borrowed servants, all in the course and scope of such relationship,  consisted of the following:

    a.  creating a hazardous condition, about which it knew and/or should have known;

    b.  permitting the hazardous condition to exist on the Premises for an excessive period of time;

    c.  failing to regularly and/or properly inspect the Premises for such hazardous condition;

    d.  failing to warn business invitees such as Plaintiff of the hazardous condition;

    e.  failing to provide adequate lighting to illuminate the dangerous condition;

    f.  failing to take reasonable measures under the circumstances to protect business invitees such as Plaintiff from a foreseeable risk of injury;

    g.  creating and/or permitting a dangerous accumulation of snow and/or untreated ice in an area intended for use by business invites as Plaintiff;

    h.  creating and/or permitting an accumulation of water, rain, and/or melted snow and ice to pond on an area intended for use by business invites as Plaintiff;

    i.  permitting water and/or melting snow and/or ice to accumulate and refreeze in an area intended for use by invitees such as Plaintiff;

    j.  failing to properly treat the Premises for snow and/or ice and adequately clear the area of snow and/or ice;

k. violating Property Maintenance Code 302.4.1 Storm Drainage, prohibiting the drainage of roofs, paved areas, yards, courts, and other open areas in a manner that creates a health or safety hazard;

l. violating Property Maintenance Code 302.5 Site Hazard, proscribing all walkways, stairs, driveways, parking spaces and similar areas' be maintained free from hazardous condition;

m. violating the Standard Practice for Safe Walking Surfaces 5.1.3, requiring walkway surfaces be slip resistant under expected environmental conditions and use;

n. violating the Standard Practice for Safe Walking Surfaces 5.7.1, requiring exterior walkways be maintained so as to provide safe walking conditions;

o. hiring and/or contracting agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors to possess, manage, modify, design, maintain, control, renovate, construct, clear hazardous condition upon the Premises who were not qualified to do so in a safe and adequate manner; and

p. placing Defendants' pecuniary interests above the safety and wellbeing of business invitees such as Plaintiff.

WHEREFORE, Plaintiff demands judgment in his favor and individually, jointly and/or severally and specifically against Defendant, John Doe 1-100 (Fictitious Names), in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs, delay damages and such further relief as this Court may deem appropriate.

## COUNT V-LOSS OF CONSORTIUM
### Charanjeet Kaur
#### v.
### All Defendants

43. Plaintiff Wife incorporates herein, by reference, the averments in the preceding paragraphs, as well as all subsequent paragraphs as though the same were fully set forth herein.

44. At all times relevant hereto, Plaintiff Wife was lawfully married to Plaintiff and remains so.

45.   As a direct and proximate result of the individual, joint and/or several negligence, and carelessness of Defendants, and Plaintiff's resulting injuries, as set forth above, Plaintiff Wife suffered and may in the future continue to suffer the loss of her spouse's financial assistance, household assistance, companionship, affection and comfort.

46.   As a direct and proximate result of the individual, joint and/or several negligence, and carelessness of Defendants, and Plaintiff's resulting injuries, as set forth above, Plaintiff Wife has expended and may in the future expend specific time, care and/or treatment of her spouse.

**WHEREFORE**, Plaintiff Wife demands judgment in her favor and individually, jointly and/or severally specifically against Defendants, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs, delay damages and such further relief as this Court may deem appropriate.

OSTROFF INJURY LAW, PC

Date: 9/20/2022                    By:_____
                                       Ryan F. Michaleski, Esquire
                                       Attorney for Plaintiff

## Verification

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking his verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

Bhupinder Singh
Plaintiff

Case ID: 220901928

## Verification

The undersigned, plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signor. Signor verifies that the within pleading, as prepared by counsel, is true and correct to the best of signor's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signor has relied upon counsel in taking his verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

_Charanjeet Kaur_
Charanjeet Kaur
Plaintiff